# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONALD KRAMER and<br>JULIE KRAMER,<br><br>    Plaintiffs,<br><br>    vs.<br><br>AMERICA'S WHOLESALE<br>LENDERS, et al.<br><br>    Defendants. | Case number 4:10cv0156 TCM |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the opposed motion of the four defendants[2] pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the pro se amended complaint of plaintiffs, Ronald and Julie Kramer, on the grounds that their alleged claims under the Truth In Lending Act (TILA) 15 U.S.C. §1601-1667f, are time-barred.

## Background

On December 15, 2006, Plaintiffs obtained a refinanced $250,000.00 loan from defendant Countrywide Home Loans, Inc. (Countrywide), on their property located at 9725 Fairgreen Drive, St. Louis, Missouri. (Compl. at 1.[3]) When the loan closed, Plaintiffs were not provided various closing documents, including a special information booklet containing

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2] The defendants are America's Wholesale Lenders, Countrywide Home Loans, Inc., Bank of America, and Mortgage Electronic Registration Systems, Inc.

[3] Because Plaintiffs did not number the paragraphs in their amended complaint, the Court will cite the page number.

consumer information and the controlled business arrangement disclosure. (Id. at 2.) The original, $605,000 loan on the property was secured through defendant America's Wholesale Lenders (AWL). (Id. at 1-2.) AWL failed to provide all necessary disclosures to Plaintiffs as required by the TILA, including notice of cancellation. (Id. at 2.) Plaintiffs' loan was transferred several times to other "servicing companies" and is now "serviced" by Bank of America Home Loans (BoA) as a debt collector. (Id. at 2.) Plaintiffs were not provided the closing documents required by the TILA. (Id.) Plaintiffs have sent Defendants, see note 2, supra, a rescission letter; however, AWL is attempting to foreclose on their property. (Id. at 3.)

Plaintiffs seek statutory and equitable damages, special damages, punitive damages for harassment and emotional distress, rescission or reformation of the loan agreement, and an order enjoining Defendants from violating the TILA. (Id. at 5, 6.)

## Discussion

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief, **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007), remembering that the amended complaint of the pro se Plaintiffs is to be liberally construed, see **Johnson v. Arden**, 614 F.3d 785, 798 (8th Cir. 2010). The Court does not, however, accept as true any allegation that is a legal conclusion. **Ashcroft v. Iqbal**, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" **Twombly**, 550 U.S. at 555 (quoting first Fed. R. Civ. P. 8(a)(2) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra); see also **Gregory v. Dillard's Inc.**, 565 F.3d 464, 473 (8th Cir. 2009) (en banc). Although detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. **Twombly**, 550 U.S. at 555; accord **Iqbal**, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." **Twombly**, 550 U.S. at 570; accord **Iqbal**, 129 S.Ct. at 1949; **Braden v. Wal-Mart Stores, Inc.**, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Iqbal**, 129 S.Ct. at 1949. The issue in considering a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See **Neitzke v. Williams**, 490 U.S. 319, 327 (1989). Additionally, when the issue is whether the claims are barred by a statute of limitations, the complaint itself must establish the defense to support a Rule 12(b)(6) dismissal. See **Jessie v. Potter**, 516 F.3d 709, 713 n.2 (8th Cir. 2008). See also **Levy v. Ohl**, 477 F.3d 988, 991-92 (8th Cir. 2007) (affirming Rule 12(b)(6) dismissal of complaint as barred by statute of limitations; defense was established by public records which could properly be reviewed under Rule 12(b)(6)).

Congress enacted TILA "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and

avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing . . . ."  15 U.S.C. §1601(a).  See also **K/O Ranch, Inc. by Olson v. Norwest Bank of the Black Hills**, 748 F.2d 1246,1248 (8th Cir. 1984) ("The purpose of the [TILA] is to provide consumers with meaningful disclosure of credit terms to promote the informed use of credit and to protect consumers from unfair credit practices.").  "The TILA is to be enforced strictly against creditors and construed liberally in favor of consumers . . . ."  **Fairley v. Turan-Foley Imports, Inc.**, 65 F.3d 475, 482 (5th Cir. 1995).

In furtherance of its purpose, the TILA requires various disclosures by lessors and creditors.  15 U.S.C. §1631, 1632.  When a loan is secured by the consumer's primary residence, the TILA requires that the creditor "clearly and conspicuously disclose . . . to any obligor" his right, inter alia, "to rescind the transaction until midnight of the third business day following consummation of the transaction or the delivery of the information and rescission forms required under this section . . . . "  15 U.S.C. §1635(a); accord **Rand Corp. v. Yer Song Moua**, 559 F.3d 842, 846 (8th Cir. 2009) (quoting § 1635(a)).  When a creditor fails to comply with the disclosure provisions of the statute the debtor has a right to rescind for up to three years following the transaction.  **Id.** (citing § 1635(f); 20 C.F.R. § 226.23(a)(3)).

This right of rescission is not perpetual.  "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part *have not been delivered*

to the obligor . . . ." 15 U.S.C. §1635(f) (emphasis added). If an agency with the power to enforce the TILA begins a proceeding of enforcement within three years after the date of the consummation of the transaction *and* finds a violation of the section, the right of rescission expires three years after the consummation of the transaction or upon the expiration of one year following the conclusion of the enforcement proceeding, whichever is later. Id. Section 1635(f) addresses when the right of rescission expires and not when a suit must be commenced. **Beach v. Ocwen Federal Bank**, 523 U.S. 410, 417 (1998). The section "addresses [this expiration question] in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous." **Id.** at (quoting 15 U.S.C. §1635(f) (first alteration added). Section 1635(f) is a statute of repose, not a statute of limitation; thus, it "creates a substantive right in those protected to be free from liability after a legislatively-determined period of time." **Jones v. Saxon Mortg., Inc.**, 537 F.3d 320, 327 (4th Cir. 1998).[4]

Plaintiffs allege in their amended complaint that the debtor has three years to give notice to rescind and one additional year to file suit. **Miguel v. Country Funding Corporation**, 309 F.3d 1161 (9th Cir. 2002).[5] Plaintiffs reliance on this case is unavailing. In **Miguel**, the Ninth Circuit quoted the **Beach** case, 523 U.S. at 417, and held that §1635(f)

---

[4]The Supreme Court surmised in **Beach**, 523 U.S. at 418-19, that Congress intended an uncompromising three year period because a statutory right to rescind could cloud a bank's title on foreclosure.

[5]Defendants note in their supporting memorandum that they were unable to locate the **Miguel** case. The Court was able to do so by looking at the same volume and page number in the third series of the Federal Reporter rather than the second series cited by the pro se Plaintiffs. The year of the case suggests where the error lay.

"represents an absolute limitation on rescission actions which bars any claims filed more than three years after the consummation of the transaction." **Miguel**, 309 F.3d at 1164 (internal quotations omitted). "Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." **Id.** Moreover, because a rescission action had not commenced within the three year period, the one year statute of limitations period under 15 U.S.C. §1640(e) from the refusal of cancellation was not relevant. **Id.** at 1165. Finally, as noted above, with respect to §1635(f) the one year period following the conclusion of an enforcement proceeding is only in play if an agency, empowered to enforce the statute, institutes proceedings within the three year period *and* such action results in a finding of a violation by the lender. 15 U.S.C. §1635(f). There is no allegation that this contingency occurred in the instant case.

For the foregoing reasons, Plaintiffs' right to rescind has expired.

Plaintiffs also allege a cause of action under 15 U.S.C. § 1640. Section 1640 provides a cause of action for damages against creditors who fail to comply with the disclosure requirements of §1640(a). "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. §1640(e). Suits filed after the one year period are barred by the statute's one year statute of limitation. **Aschoff v. Osmond State Bank**, 760 F.2d 201, 202 (8th Cir. 1985). A "violation 'occurs' when the transaction is consummated." **In re Smith**, 737 F.2d 1549, 1552 (11th Cir. 1984). A violation of the

these statutory disclosure requirements is not a continuing violation for purposes of the statute of limitation. **Id.**

In the instant case, Plaintiffs refinanced their home loan on December 15, 2006. Plaintiffs' right to rescission expired on December 15, 2009. This suit was filed on January 28, 2010. The suit is untimely.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of defendants America's Wholesale Lenders, Countrywide Home Loans, Inc., Bank of America, and Mortgage Electronic Registration Systems, Inc., to dismiss is **GRANTED**. [Doc. 32]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of February, 2011.